**Boice NICHOLLS, Plaintiff–Appellant,**

v.

**WRITERS GUILD OF AMERICA WEST INC., a business entity of unknown form, Defendant–Appellee.**

No. 04–56312.

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 2006.[*]

Filed May 10, 2006.

Edward A. Hoffman, Edward A. Hoffman Law Offices, Los Angeles, CA, for Plaintiff–Appellant.

Anthony R. Segall, Esq., Rothner, Segall & Greenstone, Pasadena, CA, for Defendant–Appellee.

Before: LAY,[**] KLEINFELD, and SILVERMAN, Circuit Judges.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM ***

Boice Nicholls challenges the district court's refusal to remand her case to state court and the district court's dismissal of her claim. We affirm.

Ms. Nicholls claims that the Writers Guild, a labor union, failed to represent her in her dispute with the Baywatch Production Company ("Baywatch") over a script she wrote but for which she received neither credit nor compensation. She had previously sued Baywatch and was unsuccessful. Her claims are all based on the collective bargaining agreement between the union and Baywatch. Thus, even though she phrases it as a state tort or contract case, her case belongs in federal court because the Labor Management Relations Act preempts all claims "founded directly upon rights conferred in "a collective bargaining agreement" or "substantially dependent upon" interpretation of the CBA terms."[1]

Her state law claims are preempted, and her only remaining injury would be for a duty of the breach of fair representation. The statute of limitations for such claims is 6 months.[2] Under even the most generous calculation, Ms. Nicholls's suit was filed well after the 6–month limitations period had run.

**AFFIRMED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Cramer v. Consolidated Freightways, Inc.,* 255 F.3d 683, 694 (9th Cir.2001) (en banc).

2. *See* 29 U.S.C. § 160(b); *see also DelCostello v. Int'l Broth. of Teamsters,* 462 U.S. 151, 170, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).